UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

JONATHAN L. JOHNSON,  )
                      )
    Petitioner,       )      No. 5:15-CV-43-HRW-HAI
                      )
v.                    )
                      )      RECOMMENDED DISPOSITION[1]
DON BOTTOM, Warden,   )
                      )
    Respondent.       )
                      )

*** *** *** ***

On February 13, 2015,[2] pro se petitioner Jonathan L. Johnson filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. D.E. 1. After reviewing the petition, it appears that the judgment of conviction that is being challenged was entered by the Jefferson Circuit Court, Jefferson County, Kentucky. Petitioner is challenging a Jefferson Circuit Court conviction, which lies in the United States District Court for the Western District of Kentucky. Therefore the Western District of Kentucky is the more appropriate forum because it is where witnesses and records are likely to be located. *Braden v. 30th Judicial Circuit of Ky.*, 410 U.S. 484, 493-494 (1973).

Furthermore, transfer is appropriate pursuant to Rule 3.2(b) of the Joint Local Civil Rules for the United States District Court for the Eastern and Western Districts of Kentucky which

---

[1] The Court issues this Recommended Disposition in recognition of the dispute over whether venue transfers are dispositive. *Compare Payton v. Saginaw County Jail*, 743 F. Supp. 2d 691, 693 (E.D. Mich. 2010) (finding that an order transferring venue "is the functional equivalent of a dismissal of the case…in that forum"), *with Siteworks Solutions, LLC v. Oracle Corp.*, No. 08-2130-A/P, 2008 WL 4414075 (W.D. Tenn. Sept. 22, 2008) (stating that a motion to transfer under 28 U.S.C. § 1404(a) is a non-dispositive pretrial matter).

[2] Although Petitioner's Petition was not docketed by the Clerk until February 23, 2015, Petitioner declared under penalty of perjury that he placed the Petition in the prison's mailing system on February 13, 2015. D.E. 1 at 15. Thus, the Court treats the Petition as having been filed on February 13, 2015. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999) (citing *Houston v. Lack*, 487 U.S. 266, 270–72 (1988)).

provides that a "state habeas corpus petition shall be assigned to the jury division that includes the court from which…the challenged judgment, conviction or order was rendered."

Accordingly, the Court **RECOMMENDS** that the District Judge transfer Petitioner's petition (D.E. 1) to the Western District of Kentucky.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this the recommendation above, issued under subsection (B) of the statute. *See also* Rule 8(b), Rule Governing Section 2254 Cases. Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S.Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 26th day of February, 2015.

Signed By:
Hanly A. Ingram
United States Magistrate Judge

2